**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 21-3079 & 21-3080

_____

UNITED STATES OF AMERICA

v.

VAN GREGORY BARROWS,
                                            Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2:18-cr-00076-001 & 2:20-cr-00019-001)
U.S. District Judge: Honorable David S. Cercone

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 13, 2022

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*

(Filed: January 5, 2023)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

When drug dealers bring guns to a drug deal, they do it for protection. Van Gregory

Barrows is no different. He brought two friends and three guns to Pittsburgh; one of the

friends brought a fourth gun. Barrows made the trip to use cryptocurrency ATMs to convert

_____

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

dollars to bitcoin, which he used to order drugs and have them shipped to his hotel. The police caught on and arrested Barrows and his friend at their hotel room. There, they found methamphetamine, drug paraphernalia, and the loaded guns. A few days later, they seized a shipment of meth that Barrows had arranged.

Barrows pleaded guilty to attempted possession with intent to distribute meth, conspiracy to possess and distribute meth, and gun possession by a drug user. 21 U.S.C. §§ 841(b)(1)(A)(viii), 846; 18 U.S.C. § 922(g)(3). Each drug-distribution charge triggered a ten-year mandatory minimum. But at sentencing, he sought relief from the minima under the so-called safety valve. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The District Court rejected that claim and sentenced him to ten years' imprisonment. He now appeals.

We review the sentencing court's factual findings for clear error, its reading of the Sentencing Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *United States v. Carter*, 730 F.3d 187, 190 (3d Cir. 2013).

Safety-valve relief is available to a defendant who meets five criteria. One is that he "did not … possess a firearm … in connection with the offense." U.S.S.G. § 5C1.2(a)(2). A defendant possesses a gun "in connection with" a drug crime if there is "some relationship or association, … such as a causal or logical relation" between the gun and the crime. *United States v. Loney*, 219 F.3d 281, 284 (3d Cir. 2000) (interpreting "in connection with" under U.S.S.G. § 2K2.1(b)(5)). That "causal or logical relation" exists when the gun's presence makes the crime more dangerous or the defendant more blameworthy. *See* U.S.S.G. § 5C1.2(a)(1)–(5) (denying safety-valve relief if the defendant has a greater-than-minimal criminal record, used violence or threats of violence, or something similar). The defendant

bears the burden of proving that there was no such relationship. *United States v. Claxton*, 766 F.3d 280, 305 (3d Cir. 2014).

Barrows failed to meet that burden. Under the plain meaning of § 5C1.2(a)(2), Barrows possessed the guns in connection with his plan to buy drugs. His only argument below was that he brought the guns along because "he just likes shooting guns." II JA 4. But he offered no evidence that on his trip to Pittsburgh he went hunting or target shooting, brought along paper targets, or the like. Rather, he came to buy drugs, and he brought more guns than people. The guns were found loaded in his hotel room, which was his Pittsburgh base of operations and where he had his drugs shipped. The District Court rightly found that Barrows had brought the guns to protect himself while he conspired to buy drugs and then bring them home. Those guns made the crime more dangerous, and they made Barrows more culpable. They were thus causally related to and possessed "in connection with" his drug dealing. So he did not qualify for the safety valve, and we will affirm.